# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 12-23707-CIV-ROSENBAUM

SAMSUNG SEMICONDUCTOR, INC.,

        Appellant,

v.

AASI CREDITOR LIQUIDATING TRUST,
By and Through Kenneth A. Welt, Liquidating
Trustee, pursuant to the confirmed Third
Amended Plan of Liquidation of The Official
Committee of Unsecured Creditors,

        Appellee.

_____/

## OPINION AND ORDER

This matter is before the Court on Appellant Samsung Semiconductor, Inc.'s Motion for

Leave to Appeal ("Motion for Leave") [D.E. 1] the Memorandum Opinion and Order on Cross-

Motions for Partial Summary Judgment as to New Value Defense ("Order") [BKC D.E. 160] entered

on August 2, 2012, in the United States Bankruptcy Court for the Southern District of Florida

("Bankruptcy Court"). The Court has carefully considered the briefs and all supporting and opposing

filings and is otherwise fully advised in the premises. For the reasons set forth below, the Motion

for Leave is denied.

### *I. Background*

On April 25, 2007 ("Petition Date"), Debtors All American Semiconductor, Inc., and others

(collectively, "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the

United States Bankruptcy Code ("Bankruptcy Code").  D.E. 1 at 18 (BKC D.E. 160 at 2).[1]  The Bankruptcy Court confirmed the Official Committee of Unsecured Creditors' Third Amended Plan of Liquidation, which transferred all avoidance actions of Debtors to Appellee AASI on April 10, 2009.  *Id*.  On April 23, 2009, AASI commenced an Adversary Proceeding in the Bankruptcy Court by filing a complaint against Appellant Samsung to avoid certain preferential or allegedly fraudulent transfers that Samsung had received pre-petition.  *Id.*

The court below found no genuine dispute as to the following facts and adopted these facts in arriving at its decision.  During the preference period, AASI made transfers to Samsung totaling $4,933,139 ("Preference Payments"), and Samsung extended $3,988,050 in alleged new value to Appellee ("Claimed New Value").  D.E. 1 at 21.  Shortly before the petition date, Samsung drew down a $1,000,000 line of credit ("LOC") that AASI had previously procured from its secured lender, Harris Bank, N.A., for the benefit of Samsung.  D.E. 1 at 21.  Samsung applied the proceeds of the LOC as partial payment for the Claimed New Value.  D.E. 1 at 21.  Harris Bank subsequently set off the full $1,000,000 LOC against $1,000,000 in cash from AASI's bank account that AASI pledged to secure the LOC.  D.E. 1 at 21.

The parties filed competing summary judgment motions regarding the effect of Samsung's draw-down of the LOC on Samsung's new-value defense.  On the one hand, Samsung contended that

---

[1] Unless otherwise noted, the facts are derived from various documents filed in this docket and the underlying bankruptcy docket.  These facts, which appear to be undisputed, are provided for background purposes only and do not constitute findings of fact by the Court.  For purposes of clarity, documents filed in this docket, 12-23707-RSR, will be cited as "D.E. ___" and documents filed in the underlying bankruptcy docket, 09-01443-BKC-AJC, will be cited as "BKC D.E. __."  Where docket entries contain more than one numbering system, this Order refers to the numbering system imprinted across the top of the page by the District Court's CM/ECF system.

its draw-down of the LOC was irrelevant to its new-value defense, and it was entitled to credit for all of the new value it claimed to have extended to AASI during the preference period.  AASI, on the other hand, argued that Samsung's new-value defense had to be reduced by the $1 million proceeds of the LOC that Samsung received as partial payment for the new value because Harris Bank set off the full $1 million amount of the LOC against AASI's bank account, creating a practical effect equivalent to AASI's direct payment to Samsung of the $1 million.

After conducting a hearing on the competing motions, the Bankruptcy Court issued the underlying Order denying Samsung's motion for partial summary judgment and granting AASI's cross-motion for summary judgment.  *See* D.E. 1 at 17-25.  More specifically, the Bankruptcy Court held that Samsung's "new value defense shall not apply to the extent of its drawdown of a $1 million letter of credit by [Samsung], and shall be accordingly reduced by $1 million."  D.E. 1 at 25.  The Bankruptcy Court also considered whether certain returns of merchandise that AASI made to Samsung during the preference period should reduce the amount of new value available as a defense to Samsung.  D.E. 1 at 20.  On this issue, however, the Bankruptcy Court ruled that determination at trial was appropriate.  D.E. 1 at 25.

Samsung then filed this Motion for Leave to Appeal the Order.  *See* D.E. 1.  In its Motion for Leave, Samsung first urges this Court to review the Order as a final appealable order under 28 U.S.C. § 158(a), describing the order as one that "addresses and disposes of a question fundamental to further conduct of the case.  *Id.* at 7 (quoting *Warner v. Unsecured Creditors' Comm.* (*In re Warner*), 94 B.R. 734, 736 (M.D. Fla. 1988)) (quotation marks omitted).  D.E. 1 at 5-7.  In the alternative, Samsung asks this Court to exercise its discretion to allow Samsung to take an interlocutory appeal of the Order.

According to Samsung, an appeal is necessary because application of the new-value defense involves critical appellate issues that must be adjudicated before this case proceeds to trial, or Samsung will be irreparably prejudiced.  D.E. 1 at 3.  In this regard, Samsung laments,

> If an immediate appeal of the Order is not allowed, and Samsung is required to appeal the Order after the trial of this case, the analyses and calculations that would be used at trial (i.e. that new value must remain unpaid) would be materially different than if the District Court holds that new value need not remain unpaid.  In essence, an entirely new trial with different defenses would be required.

D.E. 1 at 3.  AASI disagrees, arguing that the Order qualifies for review neither as a final order nor under the requirements for interlocutory review.  *See* D.E. 2-2.

## *II. Jurisdiction*

Federal courts are courts of limited jurisdiction.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).  With regard to appeals from bankruptcy courts, district courts enjoy jurisdiction over only three types of orders: 1) final orders, as described in 28 U.S.C. § 158(a)(1); (2) interlocutory appeals issued under 11 U.S.C. § 1121(d), as described in 28 U.S.C. § 158(a)(2); and, (3) with leave of the court, other interlocutory orders, as described in 28 U.S.C. § 158(a)(3) and Rule 8001(b), Fed. R. Bankr. P.  *Tobkin v. Calderin*, No. 12-22692-MC, 2012 WL 3609867, at *1 (S.D. Fla. Aug. 22, 2012).

An order that would normally be considered interlocutory may be reviewed as a "final order" by a court if (1) the order is independent and easily separable from the substance of other claims in the action, (2) prompt review is necessary to protect important interests of any party, and (3) the reviewing court examines the first two requirements in light of practical, as opposed to technical, considerations.  *In re Wisz*, 778 F.2d at 764 (citing *In re Tidewater,* 734 F.2d 794, 796-97 (11th Cir.

-4-

1984); *see also In re Hinners*, No. 12-80924-MC , 2012 WL 4049967, at *2 (S.D. Fla. Sept. 13, 2012); *In re Charter Co.*, 778 F.2d at 622.

### III. Discussion

Here, the Court will not exercise jurisdiction over the Order for two reasons: (1) it is not a final order for purposes of appeal; and (2) the Court exercises its discretion to deny the Motion for Leave because the facts here do not warrant interlocutory appeal.

#### A.  The Order Is Not A Final Order Under 28 U.S.C. § 158(a)(1)

Section 158(a)(1) provides for the appeal of final orders.  "The requirement of finality is essential to avoid piecemeal review, inconvenience and unnecessary costs." *In re Red Carpet Corp. of Panama City Beach*, 902 F. 2d 883, 890 (11th Cir. 1990) (quoting *In re Miscott Corp.,* 848 F. 2d 1190, 1993 (11th Cir. 1988)) (internal quotation marks omitted).  Generally, a final order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *In re Wisz*, 778 F. 2d 762, 764 (11th Cir. 1985) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

In bankruptcy proceedings, it is generally the particular adversary proceeding or controversy that must have been finally resolved, rather than the entire bankruptcy litigation.  *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985).  But "[a]lthough courts 'take a more liberal view of what constitutes a separate dispute for purposes of appeal' in bankruptcy cases, *In re Leimer*, 724 F.2d 744, 745 (8th Cir. 1984), the separate dispute being assessed must have been finally resolved."  *In re Charter Co.*, 778 F.2d at 621 (citations omitted).  To be final, a decision need not the last one that can possibly be made.  *In re Red Carpet*, 902 F.2d at 890.

The Order that Samsung seeks to appeal is not a final order. It grants *partial* summary judgment denying Samsung the right to use the new-value defense, to the extent of the $1,000,000 LOC, at trial. The Bankruptcy Court declined to decide until trial other substantive claims that would affect Samsung's new-value defense — in particular, whether the Returns will diminish the value of the new-value defense. The new-value defense is one defense, among others, such as the ordinary-course-of-business defense, available to Samsung with respect to the Preference Payments.

As the parties acknowledge, traditionally, an order granting or denying partial summary judgment is not a final order. *See Harbour East Development, Ltd. v. Milana*, No. 11-22845-CIV, 2012 WL 442752 (S.D. Fla. Feb. 10, 2012); *In re Loughery*, No. 09-69033, 2010 WL 4642131, at *7 (Bankr. N.D. Ga. Oct.12, 2010) (citing Eleventh Circuit cases); *see also In re F.D.R. Hickory House*, 60 F.3d 724, 726 n.3 (11th Cir. 1995) (quoting *Smith v. First Nat'l Bank (In re Smith)*, 735 F.2d 459, 261 (11th Cir. 1984)). To be final, a bankruptcy court order must resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief. *In re Celotex Corp.*, 700 F.3d 1262, (11th Cir. 2012) (citing *In re Donovan*, 523 F.3d 1134, 1136-37 (11th Cir. 2008)). In the pending matter, the Order on appeal is not one that "ends the litigation on its merit and leaves nothing for the court to do but execute judgment." *In re Wisz*, 778 F.2d at 764.

As AASI notes, the Order here resolves only one aspect of a multifaceted Adversary Proceeding — the availability of the new-value defense with respect to only a portion of the Claimed New Value, that is, the $1,000,000 LOC — while leaving open the question of Samsung's ultimate liability for all preferential transfers. D.E. 2-2 at 4. Samsung is not foreclosed from asserting the new-value defense altogether. Rather, Samsung may press the defense except as it pertains to the $1,000,000 line of credit. And, even if a later appellate ruling were to hold that Samsung is entitled

to new-value credit for the $1,000,000, contrary to Samsung's suggestion, such a ruling would likely not require a new trial. As Samsung itself points out, the issue is a purely legal one, so if the Bankruptcy Court wrongly concluded that Samsung should not be able to count the $1,000,000 as new value, the $1,000,000 could easily be added back in after trial if Samsung's new-value defense were otherwise found to be applicable. Moreover, the value of the new-value defense is subject to change, anyway, because the Bankruptcy Court has not yet decided what, if any, impact the Returns will have on the new-value defense. D.E. 1 at 25. For these reasons, the Court concludes that the issue raised by Samsung in its Motion for Leave does not qualify as a final order.

Nor, as Samsung suggests, does the Court find that, under the marginal finality doctrine, this case presents an exception to the strict finality rule because it addresses and disposes of a question fundamental to further conduct of the case. *See* D.E. 1 at 6 (citing *In re Warner*, 94 B.R. 734, 736 (M.D. Fla. 1988)). In particular, Samsung contends that it will be "required to recalculate its ordinary course of business defense and subsequent new value defense without incorporating the LOC Payment into the analysis" and thus, further conduct in the case would result in a waste of resources. D.E. 1 at 7.

Under the marginal finality doctrine, "even an order of marginal finality should be reviewed if the question presented is fundamental to further conduct of the case." *In re Martin Bros. Toolmakers, Inc.*, 796 F.2d 1435, 1437 (11th Cir. 1986) (citing *Gillespie v. U. S. Steel Corp.*, 379 U.S. 148, 157 (1964)). This "doctrinal exception[] to the strict rule of finality ultimately rest[s] on a single theory: the scope of appellate jurisdiction must be defined by balancing 'the costs and inconvenience of piecemeal review on the one hand and the danger of denying justice on the other.'" *Id.* (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

Here, the parties concede that the Order did not conclude the entire Adversary Proceeding. It did not even completely resolve the issues related to Appellant's new-value defense. Although Samsung may be required to recalculate its new-value defense, the Order does not fall within the narrow marginal finality exception — it does not dispose of a question fundamental to further conduct of the case because the Bankruptcy Court must still decide other issues that would affect Samsung's new-value defense, anyway. Thus, the underlying Order is not a final order for purposes of appeal.

### B. The Court Exercises Its Discretion To Deny An Interlocutory Appeal Under 28 U.S.C. § 158

Alternatively, Samsung seeks leave from this Court to proceed with an interlocutory appeal. D.E. 1 at 7. District courts are authorized to grant leave to hear appeals of interlocutory orders entered by a bankruptcy court pursuant to 28 U.S.C. §158(a)(2) and (3). Because the statute does not provide criteria for determining when a district court should exercise its discretionary authority to grant leave to appeal, the Eleventh Circuit considers the factors set forth at 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from the district courts to the courts of appeals. *In re Charter Co.*, 778 F.2d at 620 n.5.

Under 28 U.S.C. § 1292(b), to be granted an interlocutory appeal, a party must demonstrate that (1) the order to be appealed presents a controlling question of law (2) over which a substantial ground exists for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. *See McFarlin v. Conseco Svcs., LLC*, 381 F.3d 1251, 1257-58 (11th Cir. 2004). The moving party bears the "burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S.

-8-

463, 475 (1978) (in discussing the role of the court of appeals in interlocutory appeals); *In re Hinners*, 2012 WL 4049967, at \*1.   Courts generally allow these appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule.  *Id.* (citing *U.S. Trustee v. PHM Credit Corp.*, 99 B.R. 762, 767 (E.D. Mich. 1989)); *see also Decora Inc. v. DW Wallcovering, Inc.*, 901 F. Supp. 161, 164 (S.D.N.Y. 1995) (stating that only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after entry of a final judgment).

Regarding the first element under Section 1292(b), the appellant bears the burden of demonstrating that reversal of the order would "terminate the action, or determination of the issue on appeal would materially affect the outcome of the litigation." *Yerushalmi v. Shiboleth*, 405 B.R. 44, 48 (E.D. N.Y. 2009) (denying interlocutory appeal because debtor failed to show exceptional circumstances warranting appellate review, leave to bring appeal was not warranted and collateral order doctrine did not apply).  Samsung argues that this case presents a controlling question of law regarding the interpretation and application of 11 U.S.C. § 547(c)(4) and that reversal of the order would materially affect the outcome of the litigation because it would impact the calculation of Samsung's remaining new-value and ordinary-course-of-business defenses.

A question is controlling "only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." *In re Auto Dealer Servs., Inc.*, 81 B.R. 94, 96 (M.D. Fla. 1987) (quoting *Fed. Deposit Ins. v. First Nat'l Bank of Waukesha*, 604 F. Supp. 616, 620 (E.D. Wisc. 1985)).  But a distinction exists between a controlling question of law that satisfies § 1292(b) and a question of fact or matter for the discretion of the trial court.  *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004).  "[W]hat the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide

-9-

quickly and cleanly without having to study the record.'" *Id.* (citing *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 477 (7th Cir. 2000)).

If the court finds that a matter raises a controlling question of law, the court must also determine whether a substantial ground for difference of opinion exists as to that question. This requirement is satisfied when

> . . . at least two courts interpret the relevant legal principle differently. It is not enough for interlocutory review that the order for which appeal is sought presents a difficult ruling; nor is it sufficient that the movant can demonstrate a lack of authority on the issue. And where there is controlling authority in the jurisdiction where the order was rendered, there cannot be a substantial difference of opinion.

*In re Pac. Forest Prods. Corp.*, 335 B.R. at 920 (citations omitted). But if there is no controlling authority in the jurisdiction where the bankruptcy court order was rendered, the district court may consider authority from other circuits in determining whether a substantial ground for difference of opinion exists. *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007). The court must also evaluate the stage of litigation and weigh the disruptive effect of an immediate appeal on the bankruptcy court proceedings. *See In re Pac. Forest Prods. Corp.*, 335 B.R. at 920; *Harbour E. Development, Ltd. v. Milana*, No. 11-22845-CIV, 2012 WL 442752 (S.D. Fla. Feb. 10, 2012); *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. at 824.

Finally, interlocutory appeal is appropriate only if determination of the appellate issues will advance the ultimate termination of the litigation. *In re Pac. Forest Prods. Corp.*, 335 B.R. at 922 (citing *McFarlin*, 381 F.3d at 1259 and *Lykes Bros. Steamship Co*, 200 B.R. 933, 938 (M.D. Fla. 1996)). To satisfy this requirement, resolution of the legal question on appeal must serve to avoid

a trial or otherwise substantially shorten the litigation. *McFarlin*, 381 F.3d at 1259.[2] Of course, "the most compelling grounds for interlocutory review exist when the reversal of an appellate issue would dispose of the entire case." *In re Pac. Forest Prods. Corp.*, 335 B.R. at 924 (granting interlocutory review of an order granting partial summary judgment on liability)).

Leave to appeal must be denied if the moving party fails to establish any one of the three elements required for a grant of interlocutory review. *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007) (citing *Celotex Corp. v. AIU Ins. Co.*, 187 B.R. 746, 749 (M.D. Fla. 1995)). Ultimately, the decision of whether to grant permission to take an interlocutory appeal lies within the district court's discretion. *McFarlin*, 381 F.3d at 1264. In exercising that discretion, however, the district court should keep in mind that the great bulk of its review must be conducted after final judgment. *Id.*

Here, even assuming, *arguendo*, that Samsung can demonstrate the first and second prongs of the interlocutory-appeal requirement, the Court declines to exercise its discretion to permit an interlocutory appeal of the Order because determination of the appellate issue will not significantly, if at all, advance the ultimate termination of the litigation. In this respect, as previously discussed, the issue raised by the Motion for Leave regards a minority percentage of the Claimed New Value, and Samsung will be able to present its new-value defense with respect to other portions of the

---

[2] Citing in support, 16 Charles Alan Wright, et al., Federal Practice & Procedure § 3930 at 432 (2d ed.1996); *In re Virginia Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir.1976) (§ 1292(b) appeal appropriate where resolution of controlling question could prevent substantial delay); *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 683 F. Supp. 1139, 1176 (W.D. Mich.1988) (§ 1292(b) appeal appropriate where resolution of controlling questions could shorten the time, effort, and expense of the litigation); *Ashmore v. Northeast Petrol. Div.,* 855 F. Supp. 438, 440 (D. Me.1994) (§ 1292(b) appeal inappropriate where the same parties and issues would remain in district court regardless of resolution of issues on appeal).

Claimed New Value.  Moreover, because the Order involves the purely legal issue of whether Samsung should be able to count the $1,000,000 as new value, even if the Bankruptcy Court wrongly concluded that the $1,000,000 should not be included as new value, correcting the calculations on appeal should be a straight-forward matter that does not necessitate an additional trial.  Finally, the Order does not resolve all of the issues surrounding the new-value defense, leaving open the question of how the Returns will affect the new-value defense.  So even if this Court permitted appeal and determined whether the draw-down of the $1,000,000 LOC reduced the amount of new value available to Samsung as a defense, at a later time, another appeal may well result relating to the impact that the Returns have on the new-value defense.  That is exactly the sort of piecemeal review that must be avoided on appeal.

### *IV. Conclusion*

For the foregoing reasons, the Motion for Leave to Appeal is **DENIED**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 26th day of February 2013.  The Clerk of Court shall **CLOSE** this case.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

Counsel of Record

-12-